**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| **JOHN T. SUTTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 7:03-CV-2474-VEH** |
| | ) | |
| **STEWART TITLE GUARANTY** | ) | |
| **COMPANY; WELLS FARGO** | ) | |
| **HOME MORTGAGE,  INC.;** | ) | |
| **GREATER ATLANTIC** | ) | |
| **MORTGAGE CORPORATION** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OF OPINION

All issues between all parties in this case have been resolved except
Defendant/Counterclaimant Stewart Title Guaranty Company's ("Stewart")
Counterclaim, as successor in interest to, and having been substituted for,
Defendant/Counterclaimant Wells Fargo Home Mortgage, Inc. ("Wells Fargo") and
Defendant/Counterclaimant Greater Atlantic Mortgage Corporation ("GAMC"),
against Plaintiff/Counterdefendant John L. Sutton ("Sutton").  Pending before the
court is Stewart's Motion for Summary Judgment (doc. 42).  In its Motion,[1] Stewart
seeks a judgment in the amount of $65,280.07, plus accrued interest, late charges, and

---

[1]  As supplemented by Exhibits A and B to doc. 43.

collection expenses (including attorney's fees) as of the date of the judgment.

Plaintiff has opposed (doc. 44) the Motion.  Stewart has replied (doc. 45) to the opposition.  The matter has been taken under submission and is now ripe for decision.

For the reasons hereinafter stated, the Motion is due to be **DENIED**.

### Procedural History and Background[2,3]

Sutton initially filed this action seeking declaratory relief in the Circuit Court of Tuscaloosa County, Alabama, on August 6, 2003.  At that time, Sutton was the owner of a parcel of residential real property located at 610 Hargrove Road in Tuscaloosa County, Alabama (the "Real Property").

On August 27, 2002, Sutton refinanced his existing mortgage with GAMC for a total of $114,850.  As part of the refinancing, Sutton executed and delivered a promissory note acknowledging his debt to the holder thereof and agreeing to pay the holder thereof $114,850 plus interest in regular monthly payments (the "Promissory Note").  As part of the refinancing, Sutton executed and delivered a mortgage on the

---

[2]  All facts are undisputed unless otherwise specifically noted.  Where disputed, the facts have been construed in the light most favorable to the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

[3]  Pursuant to Appendix II to the court's Standing Order Establishing Pretrial Procedure, made applicable to this case by Order dated June 17, 2005, "[a]ll material facts set forth in the [brief of a party on summary judgment] [are] deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.

Real Property (the "Mortgage").   The Promissory Note and the Mortgage (the "Mortgage") were assigned to Wells Fargo on September 12, 2002.  On May 3, 2002, the United States Department of Treasury, Internal Revenue Service ("IRS") filed a lien on the Real Property for unpaid taxes in the amount of $55,372.78.  Sometime thereafter, Sutton learned that the Mortgage had not been recorded in the land records of Tuscaloosa County, Alabama.  Sutton had been negotiating with the IRS to pay his back taxes over time.  The IRS had been cooperating in the negotiations. Prior to learning that the Mortgage had not been recorded, Sutton contracted to sell the Real Property with the intention to pay off the Mortgage and Promissory Note and as much of the back taxes as possible.  There would not have been sufficient proceeds to satisfy both the back taxes and the Promissory Note and Mortgage in full.

Sutton filed suit in the Circuit Court of Tuscaloosa County, Alabama, seeking a declaration of the respective rights of the lien holders.

On September 8, 2003, the IRS filed to remove the action from the Circuit Court of Tuscaloosa County, Alabama, to this court.

Wells Fargo filed an Answer and Counterclaim seeking a judgment against Sutton for the balance owed on the Promissory Note and Mortgage.

On March 16, 2004, this court granted a joint motion by the parties to sell the Real Property and transfer the claims of the IRS, GAMC, and Wells Fargo to the

3

proceeds.  The Real Property was sold and the proceeds ($124,219.49) were deposited with the court.

On June 28, 2004, this case was reassigned to the undersigned judge.

On October 6, 2004, the IRS and Wells Fargo reached an agreement on their respective interests in the proceeds.  Pursuant to Order of this court (doc. 32), on January 26, 2005, $75,000 was disbursed to the IRS, and the balance, $49,569.93, was disbursed to Herbert Newell as representative for and on behalf of GAMC and Wells Fargo.  All claims against the United States were dismissed by Order dated February 1, 2005 (doc. 35).

On June 30, 2005, the remaining parties filed a joint status report (doc. 38) in which they stated that:

> All of the issues raised by [Sutton's] complaint have been resolved.  The only remaining issues are those contained in the Counterclaim pertaining to the remaining obligation from [Sutton] to Wells Fargo.

On February 27, 2006, Stewart filed the instant Motion for Summary Judgment, asserting, inter alia, that it was the successor in interest to both GAMC and Wells Fargo.  Sutton has expressly admitted and agreed that "Stewart is the successor-in-interest to [Wells Fargo], which in turn had acquired the mortgage from the original mortgagee, [GAMC].  Sutton does not contend that Stewart is not the rightful owner

4

of the mortgage." Plaintiff's Response to Motion for Summary Judgment, p.1, fn1.

Stewart claims that Sutton did not timely make payments on the Promissory Note as required by the Mortgage and that therefore Stewart is entitled to accelerate the indebtedness. Stewart relies on its Counterclaim to support its assertion that Sutton failed to pay the Mortgage when due. However, Sutton, in his Answer to the Counterclaim, denied that he had failed to pay the Mortgage. Thus, a genuine issue of material fact is before the court as to whether Sutton failed to pay the Mortgage.

## **Summary Judgment Standard**

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories, and

admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

The substantive law will identify which facts are material and which are irrelevant. *Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See *Fitzpatrick*, 2 F.3d at 1115-17 (citing *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. *Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such

6

a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

## **Analysis**

Stewart Title's counterclaim against Sutton is, at its core, a claim for breach of contract.  The elements of a prima facie case of breach of contract are: (1) existence of a contract between [Stewart] and [Sutton] (admitted); (2) performance by [Stewart] (admitted); (3) [Sutton's] failure to perform (disputed); and (4) resulting damage to [Stewart] (no evidence or claims).  *See, Moundville Lumber Co. v. Warren*, 83 So. 479 (Ala. 1919).

As stated previously, Stewart has relied solely on its Counterclaim to establish the third element of its claim.  As Sutton has denied that allegation of the Counterclaim, Stewart, as the party with the burden of proof, must make an affirmative showing that Sutton has failed to pay (e.g. perform).  *See*, *Fitzpatrick*, 2 F.3d at 1115.

Stewart having failed to establish an essential element of its claim, its Motion for Summary Judgment is due to be **DENIED**.

A separate Order will be entered.

**DONE** this 28th day of September, 2006.

**VIRGINIA EMERSON HOPKINS**
United States District Judge